IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABBVIE INC., ALLERGAN, INC., DURATA THERAPEUTICS, INC., ABBVIE PRODUCTS, LLC, PHARMACYCLICS LLC, ALLERGAN SALES, LLC,<br><br><br>Plaintiffs,<br><br>vs.<br><br>ANNE E. LOPEZ,<br><br>Defendant. | CIVIL NO. 25-00230 SASP-WRP and CIVIL NO. 25-00292 SASP-WRP (Consolidated)<br><br>ORDER GRANTING IN PART AND DENYING IN PART CASTLE MEDICAL CENTER'S THIRD-PARTY MOTION TO QUASH |
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br><br>Plaintiff,<br><br>vs.<br><br>ANNE E. LOPEZ,<br><br>Defendant. | |

ORDER GRANTING IN PART AND DENYING IN PART CASTLE MEDICAL
CENTER'S THIRD-PARTY MOTION TO QUASH

Before the Court is Castle Medical Center's (CMC) Third-Party

Motion to Quash (Motion), ECF No. 110.[1]  On May 15, 2026, Plaintiffs AbbVie,

Inc. (AbbVie), Allergan, Inc., Durata Therapeutics, Inc., AbbVie Products LLC,

Pharmacyclics LLC, and Allergen Sales, LLC (collectively, Plaintiffs) filed their

Opposition, ECF No. 115.  On June 1, 2026, CMC filed its Reply, ECF No. 118.

The Court finds the Motion suitable for disposition without a hearing pursuant to

Local Rule 7.1(c).  After careful consideration of the submissions, the record in

this action, and the relevant legal authority, the Court GRANTS IN PART CMC's

Motion.[2]

BACKGROUND

Plaintiffs "bring this lawsuit to challenge the constitutionality of Act

143 – a recently enacted Hawai'i law that requires [Plaintiff AbbVie Inc.] to

transfer its pharmaceutical products to certain commercial pharmacies at

substantially discounted prices on pain of criminal penalties."  Complaint, ECF

No. 1 ¶ 1.  Plaintiffs argue that Act 143 impermissibly prohibits manufacturers'

---

[1] CMC's Motion was single spaced, in violation of Local Rule 10.2(a)(4).

[2] This action is consolidated with Pharmaceutical Research and Manufacturers of America v. Anne E. Lopez, Civ No. 25-00292 SASP-WRP (the Consolidated Case).  See ECF No. 40.  In the Consolidated Case, CMC filed a nearly identical motion, ECF No. 107.  The Court treats ECF No. 107 in the Consolidated Case as the same as the present Motion.

2

ability to condition their contractual offers pursuant to the federal 340B Program.[3] Id. ¶¶ 3, 14.

The federal 340B Program requires manufacturers that participate in the Federal Medicaid Drug Rebate Program to offer their covered outpatient drugs to "covered entities" at discounted prices. See id. ¶ 37. Plaintiffs assert that the federal 340B Program "imposes no obligation on participating manufacturers to make unconditional sales to covered entities," and "neither requires manufacturers to sell discounted drugs to contract pharmacies nor to facilitate the transfer of their discounted drugs to contract pharmacies." Id. ¶ 41.

Act 143, however, prohibits manufacturers from "deny[ing], restrict[ing], or prohibit[ing], either directly or indirectly, the acquisition of a 340B drug by, or shipping or delivery of a 340B drug to, a pharmacy that is under contract with a 340B covered entity and is authorized under the contract to receive and dispense 340B drugs on behalf of the 340B covered entity[.]" Id. ¶ 41. In other words, Act 143 restricts the ability of manufacturers – such as Plaintiffs – to impose contractual conditions and limitations on covered entities concerning the number of contracts those entities may maintain with commercial pharmacies and other third-parties. Plaintiffs assert that Act 143 is unconstitutional pursuant to the

---

[3] Section 340B of the federal Public Health Service Act created the federal 340B program "as part of the authority granted in the Veterans Health Care Act of 1992." Complaint, ECF No. 1 ¶ 34.

Supremacy Clause, the Takings Clause, and the Commerce Clause of the U.S.

Constitution.[4]  See id. ¶ ¶ 127-78.  Central to Plaintiffs' argument is how the

replenishment model – a mechanism by which commercial pharmacies obtain

340B discounted drugs – operates.  See Complaint, ECF No. 1 ¶¶ 63-74.

On March 20, 2026, Plaintiffs served CMC with (1) a Subpoena to

Produce Documents Information, or Objects (Document Subpoena); and (2) a

Subpoena to Testify at a Deposition in a Civil Action (Deposition Subpoena).  See

Motion, ECF No. 110 at 8; see also Certificate of Service, ECF No. 93.  CMC filed

the present Motion seeking an order quashing portions of these subpoenas.  See

Motion, ECF No. 110 at 6.  CMC also seeks "an award of its reasonable attorneys'

fees and costs."  Id.

## DISCUSSION

CMC moves this Court to quash Request No. 5 of the Document

Subpoena and the entirety of the Deposition Subpoena (collectively, the Disputed

Requests).  See Motion, ECF No. 110 at 8.  CMC brings this Motion pursuant to

Rule 45(d)(3)(A)-(B) of the Federal Rules of Civil Procedure (FRCP), which

states:

---

[4] In their Complaint, Plaintiffs also argued that Act 143 was unconstitutionally vague in violation of the Fourteenth Amendment.  See Complaint, ECF No. 1 ¶¶ 179-86.  This count, however, was dismissed without leave to amend by District Judge Shanlyn A. S. Park.  See Order Granting in Part and Denying in Part Defendant's Motions to Dismiss, ECF No. 81 at 31.

(A) On timely motion, the court for where compliance is required must quash or modify a subpoena that:

    (i)     fails to allow a reasonable time to comply;

    (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);

    (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv)   subjects a person to undue burden.

(B) To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i)     disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(A)-(B).

FRCP Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

CMC's principal argument is that the information sought in these subpoenas is not relevant to Plaintiffs' constitutional claims because the claims turn on issues of law rather than facts.  See Motion, ECF No. 110 at 12.  Further, CMC argues that because the information sought is irrelevant, the discovery at issue necessarily constitutes an undue burden in violation of Rule 45.  See id. at 16 ("[B]ecause [the discovery] is irrelevant, any burden imposed on CMC in responding to the Disputed Requests is, by definition, 'undue' within the meaning of [FRCP] 45(d).").

As a threshold matter, the Court is not convinced by CMC's argument that the discovery Plaintiffs seek is irrelevant to this action.  "Relevance in civil litigation is a relatively low bar."  Continental Circuits LLC v. Intel Corp., 435 F. Supp.3d 1014, 1018 (D. Ariz. 2020).  "Under Rule 401 of the Federal Rules of Evidence, information having 'any tendency' to make a fact in dispute 'more or less probable' is relevant."  Id. (citing Fed. R. Evid. 401).  Moreover, courts "generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial."  Id. (citing In re Bard IVC Filters Prod. Liabl. Litig., 317 F.R.D. 652, 566 (D. Ariz. 2016)).

Here, Plaintiffs argue that Act 143 violates the Supremacy Clause, the Commerce Clause, and the Takings Clause of the U.S. Constitution.  See Complaint, ECF No. 1 ¶¶ 127-78.  Fact development is crucial to this action for

several reasons.  For example, many of Plaintiffs' claims center around factual issues such as whether the "covered entities" retain title to the drugs or whether the "covered entities" and contract pharmacies are agents of one another.  See Opposition, ECF No. 115 at 8; Complaint, ECF No. 1 ¶¶ 69-70; see also PhRMA v. McClain, 95 F.4th 1136, 1144 (8th Cir. 2024) (explaining 340B does not preempt State law because "[c]overed entities purchase and maintain title to the 340B-discounted drugs.").  Moreover, a factual record on how Act 143 operates in practice is relevant to Plaintiffs' constitutional claims.  See AbbVie Inc. v. Drummond, 808 F.Supp.3d 1266, 1275 ("[H]ow [a state] describes its regulation doesn't end the matter; an examination of how the regulation actually operates is necessary").  Accordingly, the Court does not find that the subpoenas aimed at developing the factual record are entirely irrelevant.  With this backdrop, the Court will address each Disputed Request in turn.

### A. The Court GRANTS IN PART CMC's Motion to Quash Document Request No. 5

Document Request No. 5 of the Document Subpoena seeks the following:

> Documents, including but not limited to the contracts entered into between You and Your third-party administrators, or other third-party agency or consultant, that reflect:
>
> > (a) The scope of services provided to You in connection with 340B-related claims processing, data analytics, pharmacy network management, or reimbursement;

7

(b) The nature and scope of the relationship between You and any third-party administrator, agency, or consultant;

(c) Percentage amount or fees retained by Your third-party administrators, agencies, or consultants as a part of Your contractual relationship.

Ex. A to Motion, ECF No. 110-1 at 15.

CMC argues that this request is irrelevant and facially overbroad. See Motion, ECF No. 110 at 16-17. CMC explains:

[Request No. 5] seeks "[d]ocuments including but not limited to the contracts" that "reflect" multiple broad concepts over a period of more than five years. Thus, the request does not stop at agreements themselves, but potentially sweeps in related communications, internal analyses, implementation records, fee schedules, reimbursement materials, vendor-management documents, and other electronically-stored information touching on CMC's relationships with TPAs, consultants, or agencies.

Id. at 17.

CMC further argues that the discovery this request seeks is "subject to confidentiality owed to third-parties and implicate[s] precisely the sort of confidential commercial information [FRCP Rule 45] is designed to protect. Id. Finally, CMC argues that "the burden of compliance is . . . substantial" due to the work required to review and assess all the documents. See id.

Plaintiffs explain that "they have limited its request to just the contracts between [CMC] and its [third-party administrators]." Opposition, ECF No. 115 at 20. Moreover, "[w]hen castle explained that there were three variations of contracts with [third party administrators], AbbVie indicated it was willing to

8

accept three documents: one contract from each category." Id.

As explained above, the Court is not convinced that this information is irrelevant. As a covered entity, CMC's contracts with third-party administrators (TPAs) relating to the management of 340B drugs are relevant to how Act 143 operates in practice. Further, Plaintiffs have demonstrated that they are willing to limit the scope of the information sought in their subpoena. See id. This limitation alleviates several of CMC's concerns – i.e., overbreadth and substantial burden. To the extent that CMC raises confidentiality concerns, there are protective measures available to it if it meets the applicable standards.

The Court FINDS that Plaintiffs' proposed limitation is reasonable and satisfies the requirements of FRCP Rule 26(b). Accordingly, CMC's Motion is DENIED as to the three representative contracts between CMC and its TPAs. CMC's Motion is GRANTED as to the remainder of Document Request No. 5. CMC is ORDERED to produce these contracts no later than **August 19, 2026**. If Plaintiffs determine that the representative contracts are insufficient, Plaintiffs shall meet and confer with CMC and may seek relief from the Court if necessary.

**B. The Court DENIES CMC's Motion to Quash the Deposition Subpoena**

The Deposition Subpoena seeks to depose a representative of CMC on six topics. See Ex. A to Motion, ECF No. 110-1 at 2, 6-7. CMC maintains that "[t]he Deposition Subpoena should be quashed in its entirety" because the

9

information sought is irrelevant and because the deposition would "impose a substantial and unnecessary burden on CMC as a non-party if a live corporate representative deposition were required."  Motion, ECF No. 110 at 18. Specifically, CMC argues:

> Requiring CMC to identify and produce a corporate representative for a deposition would require CMC to identify and interview numerous custodians across clinical, financial, pharmacy, and IT departments; search for and review a large volume of ESI, contracts, and financial record overing multiple years; analyze and segment internal financial data, including 340B-related savings and expenditures that CMC is not otherwise required to track in the manner demanded; and prepare and present one or more corporate witnesses able to testify on each broad and technical topic noticed, including proprietary vendor systems and datasets.

Id. at 24-25.

In response, Plaintiffs explain that they "disclaim[] any need for custodians, ESI, or the like."  Opposition, ECF No. 115 at 17.  Plaintiffs further offer "to consider deposing a [CMC] employee in his/her individual capacity if provided assurances that the individual was knowledgeable about the topics in the . . . deposition notice."  Id. at 17-18.  Moreover, Plaintiffs are willing to "travel to wherever is convenient for [CMC's witness]."  Id. at 18.

Taking into consideration the above compromises by Plaintiffs, the Court is unconvinced that requiring CMC to produce a witness for a deposition is a substantial burden.  Further, as explained above, the Court FINDS that fact discovery is relevant in this case.  Accordingly, the Court declines to quash the

entire Deposition Subpoena.  The Court now turns to the specific deposition topics.

> ### i.  Topic 1

The first deposition topic concerns:

Contractual, financial, or other agreements or arrangements between You and Your Contract Pharmacies, related to:

(a) The maintenance of title to 340-B priced drugs shipped to Your Contract Pharmacies;

(b) The nature and scope of the relationship between You and any Contract Pharmacy, including any agency or independent contractor relationships; and

(c) Percentage amount or fees retained by the Contract Pharmacy as a part of your contractual relationship.

Ex. A to Motion, ECF No. 110-1 at 6.

CMC argues that its contractual and financial relationship with contract pharmacies is irrelevant to this action, "which concern[s] only the validity of Act 143 under the Constitution."  See Motion, ECF No. 110 at 18-19.  CMC further argues that it has already agreed to produce "contract pharmacy agreements and [the] operative 340B policy, both of which address the subject matter AbbVie claims it needs discovery on."  Id. at 19.

As explained above, the Court disagrees that this information is irrelevant to Plaintiffs' claims.  The relationship that covered entities have with contract pharmacies, as well as whether the covered entities retain title to the drugs are relevant facts and are therefore discoverable.  Moreover, the Court is not

persuaded that production of contracts and the 340B policy renders a deposition on this topic unnecessary.  As Plaintiffs explain, live deposition testimony "contextualize[s] the produced contracts and provide[s] insight into how the contractual terms related to title, agency, and fees operate on the ground." Opposition, ECF No. 115 at 24.  Accordingly, CMC's Motion is DENIED as to topic 1.

### ii.    Topic 2

The second deposition topic concerns "Your definition(s) of 340-B eligible 'patient,' including any formulas, algorithms, methodologies, criteria, or processes utilized to determine whether an individual qualifies as Your 'patient,' and any communications with Your Contract Pharmacies and or third-party administrators regarding 'patient' definition(s) they have adopted on Your behalf." Ex. A to Motion, ECF No. 110-1 at 7.  CMC challenges the relevancy of this topic and in the alternative, "offered to provide a sworn declaration describing the policy and how it operates in practice."  Motion, ECF No. 110 at 19.

The Court FINDS that this topic is relevant to Plaintiffs' claims, insofar as Plaintiffs allege that contract pharmacies and TPAs retroactively determine patient eligibility "using a black box algorithm."  Complaint, ECF No. 1 ¶ 66.  As explained above, how Act 143 operates in practice is relevant to Plaintiffs' claims.  Further, the Court FINDS that live deposition testimony is

helpful to demonstrate "how [CMC] works with contract pharmacies and TPAs to implement its patient definition, something the documents . . . likely will not show." Opposition, ECF No. 115 at 25. Accordingly, CMC's Motion is DENIED as to topic 2.

### iii.    Topic 3

The third deposition topic concerns "Your 340B revenue, including the allocation and usage of 340B revenue." Ex. A to Motion, ECF No. 110-1 at 7. CMC argues that this information is irrelevant and concerns sensitive financial data. See Motion, ECF No. 110 at 20. Further, CMC explains that "it does not segregate, separately track, or otherwise separately track, or otherwise separately account for alleged 340B savings apart from its general revenue, and that such revenue remains in a general fund with all other revenue." Id. at 21.

As explained above, the Court finds this information to be relevant, as it provides insight into how Act 143 operates in practice. Moreover, CMC's assertion that it does not segregate 340B revenue from other revenue may be an issue that Plaintiffs wish to explore through deposition testimony. Further, the Court is not persuaded that it must quash this topic merely because it concerns financial information. Topic 3 seeks general testimony on this information and does not seek financial documentation. As explained above, if CMC wishes to protect specific financial information responsive to this topic, it may invoke

protective measures so long as it meets those applicable standards.  Accordingly, CMC's Motion is DENIED as to topic 3.

### iv.    Topic 4

The fourth deposition topic concerns "Your communications with Your Contract Pharmacies and/or third-party administrators regarding the placement of Replenishment Orders."  Ex. A to Motion, ECF No. 110-1 at 7.  CMC argues this information is irrelevant and duplicative because CMC has agreed to produce its 340B policy.  See Motion, ECF No. 110 at 22.  As explained above, the Court FINDS that this information is relevant.  Testimony that explains how the replenishment model operates will help develop Plaintiffs' claims.  Moreover, the Court is not convinced that the 340B policy renders this topic duplicative.  Plaintiffs may want to further develop information beyond the 340B policy.  Accordingly, CMC's Motion is DENIED as to topic 4.

### v.    Topic 5

The fifth deposition topic concerns "Data held by third-party administrators related to Your 340B savings and/or arrangements with Contract Pharmacies related to ordering, accumulation, or processing, and Your communications with third-party administrators about such data."  Ex. A to Motion, ECF No. 110-1 at 7.  CMC maintains that this information is "outside CMC's possession, custody, or control."  Motion, ECF No. 110 at 22.  Indeed, the

14

Court cannot compel the production of information outside of a party's possession, custody, or control.  See Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 471-72 (D. Nev. 1998).  Plaintiffs, however, may craft questions on this topic that CMC can answer based on information within its possession, custody, or control.  Accordingly, CMC's Motion is DENIED as to topic 5, but CMC may decline to answer certain questions if it does not have the information necessary to answer them.

### vi.    Topic 6

The sixth deposition topic concerns:

Contractual, financial or other agreements or arrangements between You and Your third-party administrators, or other third-party agency or consultant, related to:

(a) The scope of services provided to You in connection with 340B-related claims processing, data analytics, pharmacy network management, or reimbursement;

(b) The nature and scope of the relationship between You and any third-party administrator, agency, or consultant; and

(c) Percentage amount or fees retained by Your third-party administrators, agencies, or consultants as a part of Your contractual relationship.

Ex. A to Motion, ECF No. 110-1 at 7.

CMC argues that this topic seeks "irrelevant, overbroad, and commercially sensitive information."  Motion, ECF No. 110 at 23.  For the reasons explained above, the Court disagrees.  This information is relevant insofar as it

15

provides insight as to how the replenishment model and Act 143 operate in practice.  Moreover, this topic seeks general testimony and does not require the production of sensitive documents.  Again, if CMC wishes to protect specific financial information responsive to this topic, it may invoke protective measures so long as it meets those applicable standards.  Accordingly, CMC's Motion is DENIED as to topic 6.

In sum, CMC's Motion to Quash the Deposition Subpoena is DENIED.  Plaintiffs, however, are ORDERED to accommodate CMC in the manner described in their Opposition.  See Opposition, ECF No. 115 at 17-18. These accommodations include:

- disclaiming the need for custodians and ESI;

- allowing the deposition of a CMC employee in his or her individual capacity, if feasible; and

- traveling to a location convenient for the CMC witness.

See id.

If circumstances arise which make the above accommodations no longer viable, Plaintiffs are DIRECTED to meet and confer with CMC and may seek relief from the Court if necessary.

## C. The Court DENIES CMC's Request for Reasonable Expenses

16

Finally, CMC seeks an award of its reasonable expenses, including its attorneys' fees and costs.  See Motion, ECF No. 110 at 6.  FRCP Rule 37(a)(5)(C) provides that if a party's motion to compel is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  The Court, however, must not award expenses if:

> (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)  other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, CMC's Motion was denied in large part.  Further, the Court granted CMC's motion as to a portion of the Document Subpoena based on the compromise Plaintiffs agreed to in order to narrow the scope of the request.  The Court therefore FINDS that these circumstances make an award of expenses unjust.  Accordingly, CMC's request for reasonable expenses is DENIED.

## CONCLUSION

In light of the foregoing, the Court GRANTS IN PART CMC's Third-

Party Motion to Quash, ECF No. 110.[5]  CMC's Motion as to Request No. 5 of the Document Subpoena is GRANTED IN PART and DENIED IN PART.  CMC's Motion is DENIED as to the three representative contracts between CMC and its TPAs.  CMC's Motion is GRANTED as to the remainder of Document Request No. 5.  CMC is ORDERED to produce these contracts no later than **August 19, 2026**.  If Plaintiffs determine that the representative contracts are insufficient, Plaintiffs shall meet and confer with CMC and may seek relief from the Court if necessary.

CMC's Motion is DENIED as to the Deposition Subpoena.  Plaintiffs are ORDERED to provide CMC with the following accommodations:

- disclaiming the need for custodians and ESI;

- allowing the deposition of a CMC employee in his or her individual capacity, if feasible; and

- traveling to a location convenient for the CMC witness.

If circumstances arise which make the above accommodations no longer viable, Plaintiffs are DIRECTED to meet and confer with CMC and may seek relief from the Court if necessary.

CMC's request for an award of its reasonable expenses is DENIED.

---

[5] ECF No. 107 in the Consolidated Case is similarly GRANTED IN PART to the same extent as the present Motion.

18

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 29, 2026.



Wes Reber Porter
United States Magistrate Judge

AbbVie Inc et al. v. Lopez, Civ. No. 25-00230 SASP-WRP and Pharmaceutical Research and Manufacturers of America v. Anne E. Lopez, Civ No. 25-00292 SASP-WRP (Consolidated), ORDER GRANTING IN PART AND DENYING IN PART CASTLE MEDICAL CENTER'S THIRD-PARTY MOTION TO QUASH.